IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.<br>407 E. Pennsylvania Blvd<br>Feasterville, Pennsylvania 19053<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY MATHEWS<br>Individually and as the alter ego<br>of ROCKOS BAR AND GRILL<br>232 Jefferson Street<br>Tiltonsville Ohio 43963<br><br>And<br><br>ROCKOS BAR AND GRILL LLC,<br>Individually and as the alter ego of ROCKOS<br>BAR AND GRILL<br>58800 Glens Run Rd<br>Martins Ferry Ohio 43935<br><br>Defendants. | Case No.: 2:22-cv-2593<br><br><br>COMPLAINT |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.  Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Ohio

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Eastern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Belmont County and/or the United States District Court for the Southern District of Ohio has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6.  Plaintiff, Joe Hand Promotions Inc is, and at all relevant times mentioned was, a Pennsylvania corporation with its principal place of business located at 407 E. Pennsylvania Blvd, Feasterville, PA 19053.

7.  Defendant JEFFREY MATHEWS is or at the relevant times was the principal owners, managing members and operators of Defendant, ROCKOS BAR AND GRILL LLC and through that company operated the commercial establishment doing business as Rocko's Bar and Grill, which is or was operating at 58800 Glens Run Rd Martins Ferry Ohio 43935.

8.  Defendant JEFFREY MATHEWS is also the individual specifically identified on the Ohio Department of Liquor License issued for Rocko's Bar and Grill, as Member.

9.  Plaintiff is informed and believes, and alleges thereon that on August 17, 2019 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendants JEFFREY MATHEWS had the right and ability to supervise the activities of Rocko's Bar and Grill, which included the unlawful interception of Plaintiff's *Program.*

10. Plaintiff is informed and believes, and alleges thereon that on August 17, 2019 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant JEFFREY MATHEWS as the individual specifically identified on the liquor license for ROCKOS BAR AND GRILL, and Defendant ROCKOS BAR AND GRILL LLC as the corporate operator of ROCKOS BAR AND GRILL all had the obligation to supervise the activities of Rocko's Bar and Grill, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

11. Plaintiff is informed and believes, and alleges thereon that on August 17, 2019 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendants JEFFREY MATHEWS and/or ROCKOS BAR AND GRILL LLC specifically

directed the employees of Rocko's Bar and Grill to unlawfully intercept and broadcast Plaintiff's *Program* at Rocko's Bar and Grill or that the actions of the employees of Rocko's Bar and Grill are directly imputable to Defendant JEFFREY MATHEWS and ROCKOS BAR AND GRILL LLC by virtue of their acknowledged responsibility for the actions of Rocko's Bar and Grill.

12. Plaintiff is informed and believes, and alleges thereon that on August 17, 2019, Defendant JEFFREY MATHEWS had an obvious and direct financial interest in the activities of Rocko's Bar and Grill, which included the unlawful interception of Plaintiff's *Program.*

13. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants JEFFREY MATHEWS and ROCKOS BAR AND GRILL LLC resulted in increased profits for Rocko's Bar and Grill.

14. Plaintiff is informed and believed, and alleges thereon that Defendant JEFFREY MATHEWS as the individual with dominion, control, oversight and management of the commercial establishment doing business as Rocko's Bar and Grill.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

15. Plaintiff Joe Hand Promotions Inc, hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16. Pursuant to contract, Plaintiff, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to UFC 241 Cormier v Miocic Fight Program, that was telecast via pay-per view nationwide on Saturday, August 17, 2019 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

17.  Pursuant to contract, Plaintiff, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Ohio by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

18.  As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

19.  With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Martins Ferry, Ohio.

20.  Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21.  Title 47 U.S.C. Section 605, *et seq*., prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff, had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

23. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff, has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i); and also

    (b) Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II
### (Violation of Title 47 U.S.C. Section 553)

25. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff, has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

    (b) Statutory damages for each willful violation in an amount up to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

    (b) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III
### (Copyright Violation)

30. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-29, inclusive, as though set forth herein at length.

31. By written agreement with the owner of the registered copyright (PA 2-066-333) of the Program, Plaintiff was assigned ownership of the right to distribute 17 U.S.C. 106(3) and authorize the public performance 17 U.S.C. 106 (4) of the Program.

32. The Defendants' unauthorized distribution and public performance of the Program through any means, including without limitation cable, satellite, or internet stream, was in violation of 17 U.S.C. 106 and 501.

33. Defendants' acts of infringement were not only willful, intentional and purposeful, but were also in complete disregard and indifference to Plaintiff's rights and Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, plus interest, costs and attorney fees pursuant to 17 U.S.C. 505.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory and enhanced damages in the amount of $110,000.00 against the Defendants, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory and enhanced damages in the amount of $60,000.00 against the Defendants, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For statutory damages in the discretion of the Court up to a maximum amount of $150,000.00 pursuant to 17 U.S.C. 504 (c) for a willful violation of 17 U.S.C. 501 and;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to 17 U.S.C. 505, and;

4. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

*/s/ Jeffrey L. Koberg*
**LAW OFFICES OF TIMOTHY M SULLIVAN**
Jeffrey L. Koberg (0047386)
18013 Cleveland Industrial Parkway Suite 180
Cleveland, Ohio 44135
440-871-8805 ext 123
jkoberg@tmslaw.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attorneys for Plaintiff
Joe Hand Promotions, Inc.