## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Joe Hand Promotions, Inc.,

        Plaintiff,                     Case No. 2:22-cv-2593

        v.                           Judge Michael H. Watson

Jeffrey Mathews,                 Magistrate Judge Deavers

        Defendant.

### OPINION AND ORDER

Joe Hand Promotions, Inc. ("Plaintiff") sued Jeffrey Mathews for violating the Federal Communications Act, 47 U.S.C. § 605; the Cable Communications Policy Act, 47 U.S.C. § 553, and the federal copyright laws, 17 U.S.C. § 106, *et seq.* Compl., ECF No. 2.

Plaintiff experienced difficulty serving Defendant, and the Court eventually approved service via ordinary mail sent from the Clerk's Office. ECF No. 16. Defendant was served on October 7, 2022. ECF No. 17. When Defendant failed to timely respond, Plaintiff obtained an entry of default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 20. Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b), seeking statutory damages and attorney's fees and costs pursuant to 47 U.S.C. § 605(e)(3). Mot. Def. J. 1–2, ECF No. 22.

"Upon entry of default, only those well-pleaded allegations relating to liability are taken as true." *In re Family Resorts of Am., Inc.*, 927 F.2d 347

(Table) (6th Cir. 1992) (citation omitted).   Thus, the Court assumes the following as true:

Pursuant to contract, Plaintiff was granted the exclusive nationwide commercial distribution rights to the UFC 241 Cormier v Miocic Fight Program (the "Program"), which was televised via pay-per-view on Saturday, August 17, 2019.  Compl. ¶ 16, ECF No. 2.  Plaintiff entered into sub-licensing agreements for the Program with various commercial entities, such as hotels, bars, and restaurants.  *Id.* ¶ 17.

Defendant owned Rocko's Bar and Grill LLC, through which Defendant owned and operated Rocko's Bar and Grill ("Rocko's"), a commercial establishment in Martin's Ferry, Ohio; Defendant's name also appears on Rocko's' liquor license.  *Id.* ¶¶ 7–8.  With full knowledge that the Program was not to be intercepted and broadcast, on Saturday, August 17, 2019, Defendant or his employees intercepted and broadcast the Program at Rockos.  *Id.* ¶¶ 11, 19.  As a result, Rocko's experienced increased profits that directly benefited Defendant that evening.  *Id.* ¶¶ 12–13.

Even though the above well-pleaded allegations are accepted as true, "the Court 'still must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to the cause of action for which the plaintiff seeks default judgment.'"  *W. Stone Works Co. v. Wilson's Funeral Home*, No. 221CV02103TLPTMP, 2021 WL 2324505, at *1 (W.D. Tenn. June 7, 2021).

Thus, the Court next considers whether the well-pleaded factual allegations set forth above entitle Plaintiff to relief.

## I. Unauthorized Publication or Use of Communications, 47 U.S.C. § 605

47 U.S.C. § 605(a) prohibits

[T]he unauthorized publication or use of electronic communications. It includes such prohibited practices as the divulgence of wire or radio communications by persons authorized to receive them or to others who are not so authorized, and the interception of any radio communication by a person not authorized to receive that communication from the sender.

*Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

This includes unauthorized divulgence of a pay-per-view show, like the Program, which is itself an interstate electronic communication. *Joe Hand Promotions, Inc. v. Pat's Snack Bar, LLC*, No. 6:19-cv-67-REW, 2020 WL 1923178, at *2 (E.D. Ky. Apr. 21, 2020). § 605(a) further "provides a private right of action to persons aggrieved by violations" of the statute. *Joe Hand Promotions, Inc. v. Hardin*, No. 1:20-CV-898, 2022 WL 4182348, at *2 (S.D. Ohio Sept. 13, 2022); 47 U.S.C. § 605(e)(3)(A).

To show that Defendant is liable under § 605(a), Plaintiff must show that "(1) Defendant intercepted the transmission of the Program; (2) Defendant did not pay for the right to receive the transmission; and (3) Defendant displayed the Program to the patrons of its commercial establishment." *Joe Hand Promotions, Inc. v. Essex*, No. 1:20-CV-899, 2022 WL 4182358, at *2 (S.D. Ohio Sept. 13, 2022) (cleaned up). "For individual liability to attach, [P]laintiff must establish that

[Defendant] had the right and ability to direct the misconduct, as well as a direct financial interest in the misconduct." *Id.* A "general statement of ownership" is not enough; instead, Plaintiff must allege facts such as the owner's presence during the violation or that the owner authorized or supervised the violations. *J & J Sports Prods., Inc. v. Fisher*, No. 1:12-cv-790, 2013 WL 4482405, at *3 (S.D. Ohio Aug. 20, 2013). Further, a non-willful violation of § 605(a) is a strict liability offense; good faith is no defense. *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-cv-377, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011).

Here, Plaintiff has established that Defendant violated § 605(a) by the allegations in the Complaint and the additional evidence filed in support of Plaintiff's motion for default judgment. *See Essex*, 2022 WL 4182358, at *3 (reaching the same conclusion on nearly identical facts). First, Plaintiff has shown that Defendant intercepted the transmission of the Program. *See* Compl. ¶¶ 11, 19, ECF No 2. Second, Plaintiff has shown that Defendant did not pay for the right to receive the Program. *See id*. ¶¶ 17, 19; *see also* Affidavit of Joe Hand, Jr. ¶ 7, ECF No. 22-1. Third, Plaintiff has shown that Defendant displayed the Program to the patrons of his commercial establishment. *See* Compl. ¶¶ 11, 19, ECF No. 2; *see also* Affidavit of Roxanne Winters 1, ECF No. 22-5. Plaintiff has also shown that Defendant is individually liable because Defendant "had the right and ability to supervise the activities of Rocko's[,]" and "specifically directed the employees of Rocko's [] to unlawfully intercept and broadcast [the] Program." Compl. ¶¶ 9, 11, ECF No. 2. Defendant also had an "obvious and direct financial

interest in the activities of Rocko's[.]" *Id*. ¶ 12.  Therefore, in the context of default, Plaintiff has shown that Defendant had the right and ability to direct the misconduct, as well as a direct financial interest in the misconduct.  Accordingly, Defendant is liable under 47 U.S.C. § 605.

## II.    Unauthorized Reception of Cable Service 47 U.S.C. § 553

47 U.S.C. § 553(a) provides that "no person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or otherwise be specifically authorized by law." *RPM Mgmt. Co. LLC*, 2011 WL 1043574, at *2.  So, Plaintiff must show that Defendant (1) intercepted or received a communication or service; (2) that the communication or service was delivered over a cable system; and (3) that Defendant was not authorized to receive the communication or service.  47 U.S.C. § 553(a)(1).

"Despite their facial similarity, Sections 553 and 605(a) reach different conduct.  Section 605(a) may be read as outlawing satellite signal piracy, while Section 553 bans only the theft of programming directly from a cable system." *J & J Sports Prods., Inc. v. B O B Lounge, LLC*, No. 17-11350, 2018 WL 300362, at *3 (E.D. Mich. Jan. 5, 2018) (quoting *Cablevision of Michigan, Inc. v. Sports Palace, Inc.*, 27 F.3d 566 (6th Cir. 1994) (Table) (cleaned up)).  In cases where it is not clear to the plaintiff how the defendant "pirated the signal (via satellite or through [] a cable system) it is pro forma to plead both statutes." *B O B Lounge*,

2018 WL 300362, at *4. As with § 605, a non-willful violation of § 553 is a strict liability offense. *RPM Mgmt. Co. LLC*, 2011 WL 5389425, at *2.

Here, Plaintiff has likewise established that Defendant violated § 553 by the allegations in the Complaint and the additional evidence filed in support of Plaintiff's motion for default judgment. First, Plaintiff has shown that Defendant intercepted the Program, itself a communication. *See* Compl. ¶¶ 11, 19, 27, ECF No. 2; Hand Aff. ¶ 7, ECF No. 22-1; Winters Aff. 1, ECF No. 22-5. Second, Plaintiff has alleged sufficient facts to permit the inference that the Program was delivered over a cable service. *See* Compl. ¶¶ 16, 26, ECF No. 2; Hand Aff. ¶ 3, ECF No. 22-1. Third, Plaintiff has shown that Defendant was not authorized to receive the Program. *See* Compl. ¶¶ 17, 19, ECF No. 2; Hand Aff. ¶ 7, ECF No. 22-1. For the same reasons Plaintiff has shown that Defendant is individually liable for violating § 605, Plaintiff has also shown that Defendant is individually liable for violating § 553.

### III. Copyright Violation 17 U.S.C. § 106

Although Plaintiff's Complaint includes an allegation that Defendant violated Plaintiff's copyright ownership in the Program, Plaintiff does not move for default judgment on this claim. Therefore, Plaintiff must either formally dismiss this claim or move for default judgment.

### IV. Damages

"[A] default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir.

1995) (internal quotation marks and citation omitted).  When awarding damages pursuant to a default judgment, the district court "may conduct hearings or make referrals."  *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (quoting Fed. R. Civ. P. 55(b)(2)).  "This provision, by its terms, allows but does not require the district court to conduct an evidentiary hearing."  *Vesligaj*, 331 F. App'x at 354.  Here, where actual damages are too difficult to ascertain, and only statutory damages are at issue, the Court declines to hold a hearing.  *See Hardin*, 2022 WL 4182348, at *5 (awarding statutory damages on default judgment without conducting an evidentiary hearing).

"When a defendant is found to have violated both § 605(a) and § 553(a), the plaintiff is permitted to recover damages only under one or the other."  *Zuffa, L.L.C. v. Holtsberry*, No. 3:12CV1191, 2013 WL 183861, at *3 (N.D. Ohio Jan. 17, 2013).  Plaintiff has elected to recover damages under § 605.  Mot. Def. J. ¶¶ 8–9, ECF No. 22.  Under § 605, Plaintiff "may elect to recover either actual damages or statutory damages 'in a sum of not less than $1,000 or more than $10,000.'"  *Essex*, 2022 WL 4182358, at *4 (quoting 47 U.S.C. § 605(e)(3)(C)(i).  Additionally, the Court may award enhanced damages if Defendant acted "willfully and for purposes of direct or indirect commercial advantage or private financial gain . . . by an amount of not more than $100,000."  § 605(e)(3)(C)(ii).  Finally, Plaintiff may recover attorney's fees and costs.  47 U.S.C. § 605(e)(3)(B)(iii).  Here, Plaintiff seeks $10,000 in statutory damages, $20,000 in enhanced damages, $1,350 in attorney's fees, and $402 in costs.

The Court begins with statutory damages. Plaintiff "cites primarily to authorities in other jurisdictions to support his argument that the Court should award statutory damages in the maximum amount of $10,000." *Essex*, 2022 WL 4182358, at *4; Mem. in Supp. of Mot. Def. J. 6–10, ECF No. 22-4. This Court is not bound by those decisions, however, and courts in the Sixth Circuit "often use the economic loss suffered by the plaintiff as the baseline for the statutory damages award." *Essex*, 2022 WL 4182358, at *4; *see also Joe Hand Promotions, Inc. v. Turner,* No. 3:19-CV-012, 2021 WL 1383267, at *5 (S.D. Ohio Apr. 13, 2021) (awarding the $8,200 licensing fee as statutory damages)*; Joe Hand Promotions, Inc. v. Willis,* No. 5:08 CV 2786, 2009 WL 369511, at *2 (N.D. Ohio Feb. 11, 2009) (awarding the minimum statutory damages of $1,000 because the defendant would have paid $875 to broadcast the fight). Other courts consider different factors in determining damages, such as the number of patrons inside the establishment, the capacity of the establishment, whether the defendant charged a cover or door fee, and additional profits the defendant made from the sale of food and drinks. *See Joe Hand Promotions v. Truong*, No. 3:19-cv-00701, 2020 WL 7014303, at *4 (M.D. Tenn. May 20, 2020); *Joe Hand Promotions, Inc v. Young*, No. 5:09-CV-157, 2010 WL 3341449, at *3 (W.D. Ky. Aug. 24, 2010). However, some courts also consider the need to deter this type of misconduct and account for any lost goodwill for Plaintiff. *See Pat's Snack Bar, LLC*, 2020 WL 1923178, at *5. Courts in the Southern District of Ohio routinely award statutory damages in either the amount Plaintiff would have been

paid for the sublicensing fee, or double that amount. *See, e.g., Hardin*, 2022 WL 4182348, at *5 (concluding that statutory damages in an amount double the sublicensing fee was warranted to compensate Plaintiff for the cost of its investigator and to deter future signal piracy); *Essex*, 2022 WL 4182358, at *5 (same); *Turner*, 2021 WL 1383267, at *4–5 (concluding damages in the amount of what the defendant would have paid for sublicensing fee was warranted because it was a "fair approximation of economic damages.").

Plaintiff's investigator averred that she estimated the capacity of Rocko's to be approximately 75 patrons and that between three to five patrons were present during the Program. Winters Aff. 1, ECF No. 22-5. According to Plaintiff's pay-per-view rate card, the sublicensing fee for an establishment with a 75-person capacity is $980. ECF No. 22-2. This is the baseline for Plaintiff's economic damages. The Court is not persuaded that awarding damages only in the amount of the sublicensing fee is adequate here, however. As Judge Dlott observed, "a statutory damages award limited to [only] the amount of the sublicensing fee does not discourage commercial establishments from signal piracy because there is no penalty for getting caught other than paying that [which] already was owed." *Hardin*, 2022 WL 4182348, at *5. Still, given an estimated capacity of 75 patrons, actual attendance of only three to five patrons, and that Defendant did not charge a cover or door fee, the Court concludes that awarding double the fee would be overly harsh under these circumstances. *See Truong*, 2020 WL 7014303, at *4. Therefore, the Court concludes that an award

of statutory damages in an amount 1.5 times the cost of the sublicensing fee is

warranted.  Accordingly, the Court awards statutory damages of $1,470.

The Court next considers enhanced damages.  If the Court finds the

violation was committed "willfully and for purposes of direct or indirect

commercial advantage or private financial gain," the Court may, in its discretion,

award enhanced damages up to $100,000 for each violation.  47 U.S.C.

§ 605(e)(3)(C)(ii).

In this case, the Court declines to award enhanced damages.  True,

Plaintiff has alleged sufficient facts to permit a conclusion that the violation may

have been committed willfully, including that Defendant advertised the Program

on social media, ECF No. 22-7.  However, the fact that Defendant did not charge

a cover or door fee, Defendant did not raise food or drink prices (according to the

social media advertisement, Defendant appears to have lowered prices), and that

a maximum of five patrons were inside the establishment while the Program was

broadcast leads the Court to conclude that Defendant likely did not commit the

violation for the purposes of direct commercial advantage or private financial

gain.  At the very least, Defendant likely did not realize a direct commercial

advantage or private financial gain.  *See Fisher*, 2013 WL 4482405, at *4

(declining to award enhanced damages on similar facts).  Accordingly, the Court

declines to award enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

Finally, the Court considers Plaintiff's request for attorney's fees and costs.

Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of

full costs, including award reasonable attorneys' fees . . . ."  Plaintiff requests

$1,350 in attorney's fees, representing 4.5 hours of attorney work time at a rate

of $300 per hour.  Affidavit of Jeffrey Koberg ¶ 4, ECF No. 22-3.  Plaintiff further

requests $402 in costs, representing the filing fee of this action.  *Id.*  The Court

concludes that the attorney's fees are reasonable and, accordingly, awards

$1,752 in total for attorney's fees and costs.  *See Hardin*, 2022 WL 4182348, at

*6 (awarding identical fees and similar costs to Attorney Koberg in similar case).

 To summarize:

(1) Default judgment is **GRANTED** to Plaintiff as to its claims against Defendant Jeffrey Mathews under 47 U.S.C. §§ 605 and 553.

(2) Plaintiff is **ORDERED** to either dismiss its copyright claim under 17 U.S.C. § 106 or to move for default judgment on this claim **WITHIN TWENTY-ONE DAYS** of this Order.  Failure to dismiss or so move will result in the Court sua sponte dismissing this claim without prejudice without further warning.

(3) Plaintiff is **AWARDED** statutory damages in the amount of $1,470, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), for Defendant's violation of 47 U.S.C. § 605(a).

(4) Plaintiff is further **AWARDED** attorney's fees of $1,350 and costs of $402 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

The Clerk is **DIRECTED** to terminate ECF No. 22.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**